UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 19-CR-201

MASON O. BEAUDRY,

    Defendant.

---

## DEFENDANT'S SENTENCING MEMORANDUM

---

Mason O. Beaudry, by counsel, hereby submits this sentencing memorandum in support of his request for a sentence of probation. For over eight months, Beaudry has been on pretrial release and has had no violations. With that in mind, a sentence of probation is sufficient but not greater than necessary to meet the purposes of sentencing.

### I. History and Characteristics

Mason Beaudry is 24 years old and a lifelong resident of the Fox Valley area. He currently lives with his mother in Appleton. He was only four years old when his parents divorced and he remained with his mother. After the divorce, his father

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

moved to Kentucky and he has had little to no contact with him since then. Most contacts have taken place through facebook or instant messaging. Beaudry has little in terms of memories of his father but he does recall him always struggling with stable employment and having legal issues.

Beaudry and his mother share a close relationship, as she was the one who raised him and his sister. Things were financially difficult for them quite often as his mother was the sole provider. But his mother always worked to support them, doing mostly CNA and factory jobs. Beaudry recalls that his mother did not do a lot of disciplining and setting rules and in large part, he and his sister took care of themselves, but she always provided a roof over their head, food so they could eat, and loving arms for them. Although he and his sister fought a lot growing up, since both becoming adults, they are close.

With the birth of his son, family has taken on a whole new meaning for Beaudry. Not having a father has had a significant impact in terms of the father he wants to be to his one year old son, River. Although he does not have custody at this time, Beaudry's first goal should he receive probation, is to go back to court to fight for shared custody. At the first custody hearing, neither he nor the mother of his child showed up for the hearing so custody defaulted to River's mother. Child support was ordered and Beaudry has been paying that consistently, including

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

catching up on arrearages. Further, Beaudry has had a consistent presence in his son's life, especially since he turned 1 years old in September of last year. Although he and River's mother don't always get along or see eye to eye, for the most part, she has allowed him to see River on almost a daily basis up until recently. Beaudry would come home from work and go pick up his son and bring him to his mother's home. On weekends, River would spend the night with Beaudry. River's maternal grandparents are extremely supportive of Beaudry having an active role in his son's life so when troubles arise with River's mother, Beaudry keeps contact with his son through them. According to Beaudry's mother, the birth of his son has caused the biggest change in Beaudry. He has grown up quite a bit and in her own words describes Beaudry "…as a devoted father who wants nothing more than to be the father for his son that he never had." PSR @ ¶ 50. This change in Beaudry is also seen by his family, friends, and River's grandparents as they articulate in the letters attached as Exhibit A. All of them worry about River and the impact it would have on him should Beaudry be sentenced to prison and no longer there for him on a consistent basis. *See* Exhibit A and PSR @ ¶ 51. Beaudry himself describes how his son is the thing he values most in his life and being the best dad to him, the dad he never had, is what is most important. PSR @ ¶¶ 60-62.

In trying to be there for his son and provide for him, Beaudry has focused

on becoming a welder. Since his time on pre-trial release, he has become a pre-apprentice in welding joining Local 18 and working in Sheet Metal Shops. Beaudry has always worked, however until now, he didn't take it as seriously. Beaudry now sees this as the career path he wants to take and since joining Bassett Mechanical in May, he has made great strides in accomplishing just that. Recently, his employer told him that as long as he keeps progressing as he has so far over the past two plus months, he would be considered for the position of an addendum – the step right below becoming a full apprentice. It is also a significant pay raise. With that, Beaudry hopes he can get his own place for him and his son. He also knows it is the next step on his career path and for the first time, sees a bright future where he can provide a good life for both himself and more importantly, his son.

Beaudry does have prior convictions, both having to do with marijuana. His use of marijuana began at age 12 and continued until August of last year. He used daily and that use did contribute to his prior convictions. It also contributed to problems with prior employers. Since August of last year when he was arrested by the state charges arising from this same conduct, he has stopped using drugs. *See* PSR @ ¶ 43. He has not had further troubles with the law and has complied with all conditions of pretrial release, first with the state where he was released on

a cash bond, and then on this case when it was picked up here. Based on what essentially amounts to close to a year of complete compliance with pretrial release conditions, Beaudry is a good candidate for a sentence of probation with conditions similar to his pretrial release conditions. Further, Beaudry knows his chance at a career in welding is on the line should he violate any conditions imposed by the court, including drug use. While working with Local 18 at both Bassett Mechancial and Tweet Garot, random drug testing occurred regularly. For Beaudry, losing his employment and the chance of going to jail/prison and not being there for his son both serve as significant enough deterrents to stop him from any further use of marijuana or any other substances.

## II. Offense

The offense conduct is detailed at paragraphs 9-19 of the PSR. Although Beaudry may disagree with some of the statements made by others that were interviewed by police, he admits he possessed the gun when he went to a shooting range and shot it. Beaudry admits that he knew he was not supposed to be in possession of a gun because he was a convicted felon. Beaudry's poessesion of the gun was limited: as far as he knew, it was only used at the shooting range and nowhere else; it was never used in a crime; nor was it was ever used in a violent manner. Ultimately, that gun was recovered from the home of a friend of

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Beaudry's co-defendant after his co-defendant told law enforcement where to find it. Beaudry had no knowledge as to where the gun was located or who was in possession of it at the time of his arrest. Beaudry knows what he did was wrong and takes responsibility for that and after understanding the seriousness of it, has no plans to ever possess a gun again.

### III. Purposes of Sentencing

The court must impose a sentence that is sufficient but not greater than necessary to comply with the sentencing factors in 18 USC § 3553(a). The sentence must also reflect the seriousness of the offense, provide just punishment, deter both Beaudry and others from committing crimes, protect the public and provide needed rehabilitation for Beaudry.

This case, as with any cases involving guns, is serious. For Beaudry, not until his case was picked up and prosecuted here in federal court and he heard the maximum possible sentence of ten years, did he appreciate the seriousness of this offense. That is not uncommon in a case such as this one. At the same time, this was not a violent crime. This is a crime based on Beaudry's status as a felon. His possession of the gun took place at the gun range and was limited in scope and time. Any sentence should reflect both those factors in terms of the seriousness of this offense.

As for protection of the public, the fact is Beaudry has been out of custody on pretrial release (with both the state and the federal cases) for almost one year. He has not committed any new crimes. He has remained sober. More significantly, he has worked and advanced in terms of his employment. He has been able to make all child support payments and pay off most of his arrearages. And he has been a father to his son who has not only provided financially but emotionally as well. Any further protection needed can be accomplished through conditions of probation in the same way it was provided through conditions of pretrial release. Placing Beaudry on three years' probation with conditions that include drug testing and treatment is likely able to provide any further protection of the public that is needed for years to come.

Deterrence is somewhat of an elusive concept. It is hard to determine what sentence will stop others from committing crimes. This is especially true in a case like this because for people other than convicted felons and other prohibited persons, possessing a firearm and shooting it at a gun range is not a crime. Activities involving guns can be violent but not all should be treated as such. Punishment is required but it should be tempered with what harm was actually caused by the crime and in this case, very little harm occurred. No one was hurt, Beaudry had limited possession of the gun, and there is no evidence that it was

used in any other capacity other than at the gun range. Nor is there any evidence that Beaudry used it in a reckless manner. Overall, being prosecuted by the federal government and having to comply with conditions of release and probation can still provide deterrence for others in as much as others who are going to act in the same way Beaudry did need to be deterred.

So in the end, what is just punishment for Beaudry's behavior here? The guideline range is 30 to 37 months and in large part based on his prior conviction when he was 19 years old for which he is already receiving increased criminal history points. Further, the gun was not used in any violent or reckless manner. Beaudry shot the gun at a shooting range. And significantly, Beaudry has taken huge steps to turn his life around and do right since his arrest in this matter. He has been on pretrial release with either the state or here for close to one year. He has had no violations of any conditions. He has maintained employment and actually excelled at it and a promotion is in sight. That means more money and one step closer to becoming a welder's apprentice and then a welder. His employment has also been dependent on random drug screening and he has passed all of them. He has established a consistent and stable relationship with his son River who turns two within a couple of months. Financially, he has paid his child support and paid off almost all the arrears. Placing Beaudry in custody

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

8

Case 1:19-cr-00201-WCG   Filed 07/31/20   Page 8 of 10   Document 34

where he would lose his job and his connection to his son would be devastating for him and his son, both financially in terms of child support not being paid and emotionally. A sentence of probation is just punishment and if necessary, home detention or weekends in jail can provide some level of custody, to meet the goals of sentencing.

## IV. Conclusion

Mason Beaudry admits that he has made bad choices in his past, and attributes many of those choices to his regular use of marijuana. As a result of those choices, he is a convicted felon and that has led to further consequences for him, including him spending time in jail and him not being able to possess a firearm. However, he is still young, only 24 years old, and this last year after he was arrested by the state in August on this same matter, and after having spent the last year in his son's life, he has grown up significantly. The things he did in his past, he knows he cannot do in his future if he wants to have a career in welding, and more significantly, be the father to River that his father never was to him. Those two factors continue to motivate Beaudry to make better choices. A sentence of probation means both of those factors continue.

Time in custody is not necessary for Beaudry to understand the seriousness of what he did. Beaudry asks for the opportunity to prove that he has

learned his lesson. His behavior for the past 11 plus months while he has been on pretrial release both in the state and here, show that he can and will abide by all conditions of probation. If he should violate those conditions, he understands the court can and will order him arrested and place him back in jail or even prison. Beaudry respectfully asks the court to sentence him to a term of probation. In the alternative, if the court were to determine that time in custody is appropriate, Beaudry requests the court consider home detention as a condition of his probation or allowing him to serve "in custody" time on weekends. That would permit Beaudry to keep his employment and keep advancing as an addendum and eventually an apprentice, as well as him being able to remain a constant in his son's life.

Dated at Green Bay, Wisconsin, this 30th day of July, 2020.

Respectfully Submitted,

**s/ Krista Halla-Valdes**
Krista Halla-Valdes, FL Bar #0073369
Attorney for Mason O. Beaudry
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301-4401
Tel: 920-430-9900
Fax: 920-430-9901
krista_halla-valdes@fd.org

N:\CASES-OPEN\A-B\BEAUDRY, MASON O. - 20-023\SENTENCING\SENTENCING MEMO FINAL.DOCX

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

10

Case 1:19-cr-00201-WCG   Filed 07/31/20   Page 10 of 10   Document 34